UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR BRUCE SHEETS,<br><br>Plaintiff,<br><br>v.<br><br>JASON W. LIPPERT, PLACER COUNTY SHERIFF DEPUTY,<br><br>Defendant. | No.  2:19-cv-02451 KJM AC<br><br><br><br>ORDER |

This matter is before the court on defendant's motion to compel plaintiff's deposition. ECF No. 16.  The parties filed the required joint statement (ECF No. 18) and the matter was heard on the papers.  ECF No. 18.  Discovery in this case is set to conclude on October 1, 2021.  ECF No. 15.  The motion to compel is GRANTED in part and DENIED in part.

**I.    Relevant Background**

On July 22, 2021, plaintiff sat for his deposition and became emotional during questioning.  ECF No. 18 at 3.  Counsel conferred off record and came to a stipulation that was recorded on the record.  Id.  The stipulation reads as follows, with defense counsel speaking: "we stipulated that we can continue today's deposition under the following terms: That they give us a date to recontinue this deposition within the next three weeks, as well as Miss Young's office [plaintiff's counsel] will pay for the cost of the second deposition, including the court reporter's

1

1 fees and the videographer.  The county will cover the fees from today's deposition, obviously."
2 ECF No. 18-1 at 8 (deposition transcript).  Plaintiff's counsel expressed her consent to this
3 agreement and noted for the record that plaintiff was not refusing to be deposed but was unable to
4 continue, emotionally, at that time.  Id. at 9.

5      On July 23, 2021, defense counsel sent an e-mail asking for plaintiff's availability to be
6 deposed between that date and August 12.  Id. at 13.  Plaintiff's counsel responded that she would
7 "let [him] know."  Id.  On July 28, 2021, defendant noticed plaintiff's deposition for August 12,
8 2021.  ECF No. 18-1 at 24, 25.  Plaintiff's counsel "immediately responded" that she was
9 unavailable on August 12 and indicated that she was "available Friday at 10:00 a.m."  ECF No.
10 18-2 at 2; ECF No. 18-1 at 16.  Defense counsel responded stating he was unsure whether
11 plaintiff's counsel meant Friday July 30 or Friday August 6, noting he was unavailable on July
12 30.  ECF No. 18-1 at 15.  Plaintiff's counsel replied "Ok.  Let me get back to you with a date."
13 Id.

14      On August 4, plaintiff's counsel contacted defense counsel to let him know that she had
15 been unable to reach her client.  ECF No. 18-1 at 19.  Defense counsel responded, stating in
16 relevant part that they were "still noticed for the 12th.  I won't agree to move it until a new date is
17 confirmed with Mr. Sheets."  Id. at 18.  On August 11, just before 8:00 a.m., plaintiff's counsel e-
18 mailed defense counsel asking to move plaintiff's deposition to August 26, the same date that two
19 other depositions were scheduled in this case.  Id. at 22.  Defense counsel refused on the grounds
20 that the 26th was outside their agreed three-week timeframe for the continued deposition.  Id. at
21 21.  Plaintiff's counsel responded, reiterating that she had given notice that she was unavailable
22 on the 12th and that if defense counsel would not move the continuation of the deposition, she
23 would consider the deposition concluded.  Id.  That same day, August 11, at 10:26 a.m., defense
24 counsel responded that moving to the continued deposition to the 26th would inconvenience his
25 office, the court reporter, and the videographer who planned to move forward as noticed and
26 stated that he did not need to disclose his "strategy as to the sequencing of discovery."  Id. at 20.

27      On August 12, 2021, defense counsel, a court reporter, and a videographer appeared for
28 plaintiff's  continued deposition; neither plaintiff nor plaintiff's counsel appeared.  ECF No. 18 at

4. Plaintiff's counsel states that she spoke with defense counsel after the motion to compel at issue was filed and he stated that if she paid the bill for the August 12th deposition, he would re-calendar the deposition for plaintiff and take the motion to compel off calendar. ECF No. 18 at 6. Plaintiff's counsel refused to pay the August 12th bill. Id.

## II.   Motion

Defendant requests that plaintiff Taylor Sheets be compelled to attend his deposition within seven days of the order, an award of sanctions and attorney fees and costs incurred by defendant due to plaintiff's failure to attend his noticed continued deposition, for reasonable attorney fees incurred by this motion, and to enforce the parties' stipulation that plaintiff's counsel, Julia Young, will pay for the cost of the court reporter and videographer at the continued deposition of plaintiff. ECF No. 18 at 2.

## III.   Analysis

### A. Legal Standard on Motion to Compel

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26,

3

relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

B. Plaintiff Must Attend His Deposition but Need Not Pay the August 12th Costs

It is undisputed that plaintiff must attend his own deposition. Plaintiff's counsel clearly understands this is the case; the motion is largely moot on this point as the parties agree that the continued deposition of plaintiff must go forward. Because the parties have been unable to reach an agreement without court intervention, the undersigned GRANTS the motion to compel insofar as the continued deposition must take place within 7 days of this order. The parties have already stipulated that plaintiff's counsel will pay the costs for the continued deposition when it goes forward; the undersigned accepts and memorializes that stipulation here.

The real dispute at issue in this motion is whether plaintiff's counsel is required to pay the fees for the August 12th continued deposition that plaintiff did not attend. The motion to compel is DENIED on this point. Federal Rule of Civil Procedure 37(d)(1)(A)(i) states that a court "may" order sanctions upon a properly noticed party fails to appear for their deposition. Instead of or in addition to such sanctions, the court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). A full review of the record leads the undersigned to conclude that sanctions are not appropriate here, both because the failure to attend was substantially justified and because causing plaintiff's counsel to pay expenses for the August 12th deposition would be unjust under the circumstances. Defense counsel had ample notice that

August 12th was not an available date for plaintiff's counsel.  There was no last-minute cancellation.  Defense counsel had the opportunity to agree to a different date or bring a motion to compel before incurring the costs of the August 12th deposition, but instead chose to incur those costs.  The court will not require plaintiff's counsel to pay for defense counsel's decision to incur avoidable expenses.

As to fees and expenses associated with this motion, the court finds an award to either party would be unjust under the circumstances.  Both parties failed to cooperate and coordinate such that this motion became necessary.  Each party shall pay their own costs and expenses.

### IV.    Conclusion

For the reasons explained above, it is hereby ordered that the motion to compel (ECF No.16) is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED in that as plaintiff must appear for his continued deposition within 7 days of this order, and plaintiff's counsel shall pay the costs associated with the continued deposition;

2. The motion is DENIED to the extent that it seeks an order requiring plaintiff's counsel to pay the fees or costs associated with bringing this motion or with the August 12th continued deposition.

IT IS SO ORDERED.

DATED: September 24, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE