UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Bruce Sheets,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Jason W. Lippert, et al.,<br><br>　　　　　Defendants. | No.  2:19-cv-02451-KJM-AC<br><br>ORDER |

Taylor Bruce Sheets alleges that Placer County Sherriff's Deputy Jason Lippert used excessive force during an arrest and violated plaintiff's constitutional right against cruel and unusual punishment.  Compl., ECF No. 1.  The matter is before the court on Deputy Lippert's motion for summary judgment, which is fully briefed.  *See* Mot., ECF No. 21-1; Opp'n, ECF No. 22; Reply, ECF No. 23.  The court held a hearing on May 6, 2022.  Julia Young appeared for Mr. Sheets, and Gregory Warner appeared for Deputy Lippert. ECF No. 24.  The court **denies the motion**, as explained below.

I.　　FACTUAL AND PROCEDURAL BACKGROUND

The following is not a summary of undisputed facts, but a description of what a factfinder could reasonably conclude based on the evidence before it.[1]  The court draws all inferences and

---

[1] Local Rule 260(b) provides that an opposing party must reproduce the itemized

1

1   views the evidence here in the light most favorable to Mr. Sheets as the nonmoving party.

2   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

3         Shortly before 3AM on December 7, 2017, Mr. Sheets and his girlfriend at the time,

4   Lindsey Inchaurregui, were finishing up breakfast at the Denny's in Newcastle, California.

5   Sheets Dep. (July 22, 2021) at 18:9–22:5, ECF No. 22-1.[2] While Ms. Inchaurregui was using the

6   bathroom, Mr. Sheets went outside to smoke a cigarette. *Id*. at 24:14–17. A few minutes later,

7   Mr. Sheets saw Deputy Lippert pull into the parking lot in his marked patrol cruiser and park

8   about 60 feet away. Sheets Dep. (Sep. 30, 2021) at 8:11–9:20, ECF No. 22-2. Deputy Lippert

9   recognized Mr. Sheets and knew that he had at least one outstanding arrest warrant. Lippert Decl.

10  ¶ 3, Warner Decl. Ex. E, ECF No. 21-4. Deputy Lippert approached Mr. Sheets quickly from

11  behind, grabbed him, and twisted his right arm behind his back. Sheets Dep. (July 22, 2021) at

12  23:12–14; 24:20–24; 43:14–24; Lippert Decl. ¶¶ 4–5. Deputy Lippert then told Mr. Sheets,

13  "You've got warrants. Put your hands behind your back." *Id.* Mr. Sheets complied, first putting

14  his cigarette in his mouth with his left hand before placing his left arm behind his back to be

15  handcuffed. Sheets Dep. (July 22, 2021) at 24:25–25:8. No one witnessed the incident until after

16  Deputy Lippert initiated the arrest. Inchaurregui Dep. at 20:22–23:7, Warner Decl. Ex. C, ECF

17  No. 21-4; Delrosario Dep. at 15:23–16:19, Warner Decl. Ex. D, ECF No. 21-4.

18        After Deputy Lippert handcuffed Mr. Sheets, he tased him and ordered him to get on the

19  ground. Sheets Dep. (July 22, 2021) at 26:17–27:16. Mr. Sheets does not recall pulling away

20  from Deputy Lippert but concedes he may have involuntarily after losing control over his reflexes

---

Statement of Undisputed Material Facts and admit facts where undisputed or deny facts where disputed. L.R. 260(b). "The opposing party may also file a concise 'Statement of Disputed Facts,' . . . of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication." *Id*. Here, plaintiff has not complied with Local Rule 260(b) and has not responded to defendant's itemized Statement of Undisputed Material Facts (SUMF), ECF No. 21-2. The court nevertheless decides the matter on the merits, considering all the evidence before it. *See Rheumatology Diagnostics Lab., Inc v. Aetna, Inc.*, No. 12-05847, 2015 WL 3826713, at *4 (N.D. Cal. June 19, 2015) (holding that a trial may be necessary "even in the absence of a factual dispute") (quoting *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir.1994)).

    [2] When citing to depositions, the court uses the page numbers that appear on the reporter's transcript of the proceedings. Otherwise, when citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

from being tased. *Id.* Mr. Sheets refused to get on the ground, responding to Deputy Lippert's repeated orders, "Why, so you can kick me?" *Id.* at 30:15–25. Mr. Sheets also resisted Deputy Lippert's attempts to physically force him to the ground. *Id.* at 40:10–15; Lippert Decl. ¶ 7. Mr. Sheets stated that he "wasn't resisting any time until I got tased," and that he refused to comply out of "fear [for his own] well-being . . ." Sheets Dep. (July 22, 2021) at 40:10–25. Over the course of the next five to eight minutes, Deputy Lippert tased Mr. Sheets approximately six times and repeatedly hit Mr. Sheets on the head with the butt of the taser, causing lumps to form on his head. *Id.* at 28:7–9; 33:9–19. When Deputy Lippert ordered Mr. Sheets to get into his police cruiser, Mr. Sheets told Deputy Lippert, "Fuck you," and to "open the door" so he could get in. *Id.* at 31:1–15; Sheets Dep. (Sep. 30, 2021) at 26:2–15. Eventually, a bystander approached the car and opened the door, at which point Mr. Sheets walked to the vehicle and got into the back seat. Sheets Dep. (July 22, 2021) at 31:11–15. Deputy Lippert tased Mr. Sheets between his legs after he was already seated and handcuffed in the car. Sheets Dep. (Sep. 30, 2021) at 17:23–18:2.

Mr. Sheets suffered various physical and mental injuries resulting from the arrest, including bruising and scabbing on his wrists from the handcuffs, lumps on his head where Deputy Lippert hit him with the taser, a lump on his groin from being tased between the legs, erectile dysfunction from being tased between the legs, and nightmares and panic attacks. Sheets Dep. (July 22, 2021) at 54:20–66:23.

Prosecutors later brought a felony charge for resisting arrest and Mr. Sheets "took a deal to drop it to a misdemeanor." *Id.* at 16:2–25. Mr. Sheets' attorney at the time told him that pleading no contest was not an admission to the misdemeanor resisting charge. *Id.* Mr. Sheets eventually pled no contest to violation of California Penal Code section 69(a) for resisting an arrest, a specified misdemeanor.[3] *See* Request for Judicial Not. at 4, 15, 22–23, 42–47, ECF

---

[3] Under Section 69, "[e]very person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty, is punishable by a fine . . . or by imprisonment . . . not exceeding one year, or by both such fine and imprisonment." Cal. Penal Code § 69(a).

No. 21-3. The plea agreement forms and plea hearing transcript reference the December 7 incident, but do not detail the specific acts or actions supporting the charge. *See generally id.*[4]

Mr. Sheets filed the instant action in late 2019. *See generally* Compl.. His complaint alleges Deputy Lippert used excessive force "during the arrest . . . by hitting [Mr. Sheets] multiple times in the head with the butt of the Taser gun . . . and even deploy[ing] his Taser . . . after [Mr. Sheets] was handcuffed in the back of his patrol car." *Id.* ¶ 12. The complaint does not mention Deputy Lippert's initial use of force in approaching plaintiff from behind and twisting his arm behind his back before announcing to Mr. Sheets that he had outstanding warrants for his arrest. However, when asked during his deposition, "[W]hat was the excessive force in your mind that Officer Lippert used against you during the incident?", Mr. Sheets first pointed to those very actions. Sheets Dep. (July 22, 2021) at 43:10–24. Mr. Sheets also argued Deputy Lippert's force was "especially [excessive] at the very end when he tased me in the crotch right between the legs after I willingly got myself back in the cruiser." *Id.*

## II. LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

The party moving for summary judgment must first show no material fact is in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). It can do so by showing the record establishes facts beyond genuine dispute, or it can show the adverse party "cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The nonmoving must then "establish that there is a genuine issue of material fact." *Matsushita Elec. Indus. Co.*, 475 U.S. at 585. Both must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1). The

---

[4] At the May 6, 2022 hearing, counsel for defendant noted that Officer Lippert detailed the basis for Mr. Sheets' conviction in a preliminary examination. However, as defense counsel conceded at the hearing, the preliminary examination is not in the record before the court.

court views the record in the light most favorable to the non-moving party and draws reasonable inferences in that party's favor. *Matsushita*, 475 U.S. at 587–88; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

### III.   DISCUSSION

Deputy Lippert contends Mr. Sheets' civil rights claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Mot. at 5. Under *Heck*, a plaintiff "cannot recover damages in a § 1983 suit if a judgment in favor of the plaintiff 'would necessarily imply the invalidity of his conviction . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (quoting *Heck*, 512 U.S. at 487).

One element of a resisting arrest charge is that the arresting officers "were acting lawfully . . . ." *People v. Southard*, 62 Cal. App. 5th 424, 426 (2021). Conversely, "if the arrest is unlawful, the defendant may not be convicted of violating [] section 69 or [California Penal Code] section 148."[5] *Id.* at 435. While Mr. Sheets may not have known his no contest plea was an admission to the misdemeanor resisting arrest charge, a plea of "no contest" has the same effect as a guilty plea or other conviction for the purposes of applying the *Heck* doctrine. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610, 612 (9th Cir. 2011) (no contest plea to felony weapons possession barred later civil action alleging illegal search); *Nuno v. County of San Bernardino*, 58 F. Supp. 2d 1127, 1138–39 (C.D. Cal. 1999) (holding that *Heck* doctrine applies when plaintiff convicted by no contest plea). Mr. Sheets has not argued or offered evidence that his conviction has been invalidated. Accordingly, Deputy Lippert argues, a judgment for Mr. Sheets on his § 1983 claims would "necessarily imply the invalidity of his [section 69] conviction" by negating an essential element of section 69—that Deputy Lippert acted lawfully. Mot. at 5 (quoting *Heck*, 512 U.S. at 487). Defendant is correct, to a point.

/////

---

[5] California Penal Code section 148 is closely related to section 69. Both deal with resisting arrest, but section 69 is a more serious offense because it requires an actual "threat or violence," *see* Cal. Penal Code § 69(a), rather than just willful resistance, delay, or obstruction of a public officer, *see* Cal. Penal Code § 148(a).

5

In *Hooper v. County of San Diego*, the Ninth Circuit held that a conviction for resisting arrest "does not bar a § 1983 claim for excessive force under *Heck* when the conviction and the § 1983 claim are based on different actions during one continuous transaction."[6] 629 F.3d 1127, 1134 (9th Cir. 2011) (internal quotations omitted).  Plaintiff Deborah Hooper initially cooperated with the arresting officer, Deputy Kirk Terrell, but jerked her arm away when he grabbed her and told her she was under arrest for possession of an illegal substance. *Id.* at 1129.  After a brief struggle, Ms. Hooper wound up on the ground underneath Deputy Terrell and continued to jerk side to side. *Id.*  Once Deputy Terrell secured both hands behind her back and told her to stop resisting, she complied. *Id.*  Deputy Terrell then called his K-9, which bit and held Ms. Hopper's head, tearing off part of her scalp. *Id.*  Less than a minute elapsed from the time Ms. Hooper jerked her arm away to the time the K-9 released its hold. *Id.*  Ms. Hopper pled guilty to resisting arrest but argued Deputy Terrell used excessive force in response to her resistance. *Id.*  The Ninth Circuit reversed the district court's grant of summary judgment to defendants, explaining that the California Supreme Court's decision in *Yount v. City of Sacramento*, 43 Cal.4th 885 (2008) made it clear that a conviction for resisting arrest "requires only that some lawful police conduct was resisted, delayed, or obstructed during that continuous chain of events." *Id.* at 1131.  Therefore, "two factual contexts can exist during one continuous chain of events," thus giving rise to both civil liability on the part of the arresting officer and criminal liability on the part of the criminal defendant. *Id.* at 1132 (internal quotations and citations omitted).

Defendant acknowledges the central holding in *Hooper* but argues the facts here are closer to those alleged in *Sanders v. City of Pittsburg*, where the Ninth Circuit held the plaintiff's resisting arrest charge precluded his § 1983 excessive force claim.  Mot. at 7 (citing *Sanders v. City of Pittsburg*, 14 F.4th 968 (9th Cir. 2021)).  In *Sanders*, Morgan Sanders fled from police in a stolen car. *Sanders*, 14 F.4th at 970.  Mr. Sanders continued to resist arrest even after being

---

[6] While plaintiff in *Hooper* was convicted of violating California Penal Code section 148, not section 69(a), this does not impact the court's analysis or applicability of *Hooper* since an element of both crimes is that the arresting officer acted lawfully. *See Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) ("In California, the lawfulness of the officer's conduct is an essential element of the offense of resisting, delaying, or obstructing a peace officer.").

tackled by officers in an ensuing foot chase. *Id.* Before officers were able to handcuff Mr. Sanders, and while he was still struggling to escape, Officer Thomas Bryan directed his K-9 to bite Mr. Sanders' right calf. *Id.* Officers then handcuffed and arrested Mr. Sanders. *Id.* Mr. Sanders pled no contest to a resisting arrest charge and, at the plea hearing, stipulated that the factual basis for his plea "is based on the preliminary hearing transcript." *Id.* At that hearing, Officer Bryan testified that Mr. Sanders had continued to resist arrest after two officers were "trying to apprehend one arm each, at which point in time" Officer Bryan deployed his K-9. *Id.* Mr. Sanders later brought a § 1983 claim, claiming Officer Bryan's use of the K-9 was excessive. *Id.* The district court dismissed the complaint. *Id.*

On appeal, the Ninth Circuit affirmed and distinguished Mr. Sanders' facts from *Hooper*, noting that the record in *Hooper* "was silent on which act or acts formed the basis of [Ms. Hooper's] conviction." *Id.* at 971. The court continued, "Thus, for purposes of summary judgment, we accepted Hooper's contention that she had stopped resisting by the time of the dog bite. As a result, we could divide Hooper's arrest into separate 'factual contexts'. . . ." *Id.* (citing *Hooper*, 629 F.3d at 1132–33). In contrast, the court could not "separate out which of [Mr. Sanders'] obstructive acts led to his conviction since all of them did. As part of his guilty plea, Sanders stipulated that the factual basis for his conviction encompassed the three instances of resistance identified in the preliminary hearing transcript." *Id.* at 972. The court thus declined to "slice up the *factual basis*" of his resisting arrest conviction "to avoid the *Heck* bar." *Id.* (emphasis in original).

The record before this court is more analogous to *Hooper* than *Sanders*. As the Ninth Circuit observed in *Sanders*, while "an excessive force claim can't survive the *Heck* bar if it's predicated on allegedly unlawful actions by the officer at the same time as the plaintiff's conduct that resulted in his [resisting arrest] conviction," a § 1983 claim does not "imply the invalidity of [the conviction]" if "the alleged excessive force occurred *before* or *after* the acts that form the basis of the [conviction]." *Id.* at 971 (internal quotations and citations omitted) (emphasis in original). Here, as in *Hooper*, nothing in the record indicates which act or acts formed the basis of Mr. Sheets' section 69(a) conviction, and Mr. Sheets has not stipulated to the lawfulness of

7

Deputy Lippert's conduct. It is thus possible to divide up Mr. Sheets' arrest into separate factual contexts, including before he was tased and after he was handcuffed and seated in the police car. Accordingly, construing the evidence in the light most favorable to Mr. Sheets, the court accepts Mr. Sheets' contention that he did not resist arrest before he was tased and that he was no longer resisting arrest once handcuffed and seated in the back of the police car. *See* Sheets Dep. (July 22, 2021) at 43:10–24. There is thus a question of fact whether Deputy Lippert used excessive force in either, or both, twisting Mr. Sheets' right arm and tightly handcuffing his wrists before tasing him and tasing him after Mr. Sheets was seated in the car. *See Wall v. Cty. of Orange*, 364 F.3d 1107, 1109, 1112 (9th Cir. 2004) (question of fact exists whether officer's use of force in twisting plaintiff's arm behind his back and "overly tight handcuffing" constitutes excessive force).

For the reasons above, Mr. Sheets' § 1983 claims are not barred by his section 69(a) conviction, and the motion for summary judgment is denied.[7]

## IV.  CONCLUSION

Defendant's motion for summary judgment is **denied**.

Within fourteen days, the parties shall meet and confer and file a joint statement informing the court whether any party objects to referral to a settlement conference before the assigned magistrate judge or another judge of this court.

This order resolves ECF No. 21.

IT IS SO ORDERED

DATED: May 18, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] Deputy Lippert's motion does not argue in the alternative that the force he used was not excessive, so the court does not address this issue.