UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR BRUCE SHEETS,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON W. LIPPERT,<br><br>    Defendant. | No. 2:19-cv-02451-DJC-AC<br><br><br>ORDER |

On August 9, 2023, Defendant filed a Motion to Enforce Settlement Agreement.  (ECF No. 47.)  Pursuant to Local Rules for this district, the deadline for Plaintiff to file an opposition or statement of non-opposition was fourteen days after the motion was filed.  L.R. 230(c); *see also* Fed. R. Civ. P. 78.  Fourteen days have passed and Plaintiff has failed to file an opposition, statement of non-opposition, or a request for an extension of time to do so.  As such, this will be construed as non-opposition to granting the motion.

Parties previously engaged in a settlement conference before Magistrate Judge Carolyn K. Delaney.  (ECF No. 33)  At that settlement conference, the parties came to a settlement agreement with the terms and conditions of that agreement stated on the record. (*Id.*)  Parties failed to file dispositional documents within the required time frame, as Plaintiff has allegedly refused to sign the written settlement agreement until Defendant provides him with a copy of the video of the incident at issue here.  (ECF

1

No. 47-1 at 1–2; *see* ECF No. 39.)

The Court has the power to summarily enforce a settlement agreement between parties in a case before it. *In re City Equities Anaheim, Ltd.*, 22 F.3d 956, 957 (9th Cir. 1994). This includes oral agreements entered into by the parties in open court. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002). The validity of a settlement agreement is determined by state contract law. *Golden v. California Emergency Physicians Medical Group*, 782 F.3d 1083, 1087 (9th Cir. 2015).

A settlement in this case was reached before a Magistrate Judge on October 11, 2022. (ECF No. 33.) The terms of that agreement were recited on the record by the Magistrate Judge and agreed to by both parties. (*Id.*, *see* ECF No. 47-2 at 5–8.) Specifically, Plaintiff agreed to settle and release his claims against Defendant in exchange for a total payment of $3,000.00 as well as the waiver of $591.25 in deposition costs previously imposed upon the Plaintiff. (ECF No. 47-2 at 6.) Plaintiff also agreed to waive application of California Civil Code § 1542. In exchange, "plaintiff agreed to dismiss this case with prejudice, to sign a settlement agreement and a release and a payee data record form." (*Id.*)

After reciting these terms, the Magistrate Judge asked the Plaintiff if he understood everything that had been said, to which the Plaintiff said "yes." (*Id.* at 7.) The Magistrate Judge then asked Plaintiff if he understood that the case would be resolved as of today, to which the Plaintiff said "yes." (*Id.*) The Magistrate Judge then asked the Plaintiff if he understood that "even if you wake up tomorrow and think, oh, I should have held out for more, it will be too late?" to which the Plaintiff said "yes." (*Id.*) Finally, the Magistrate Judge asked if the Plaintiff understood that the case would be over after things were concluded at the settlement conference to which the Plaintiff said, "I understand that." (*Id.*) In reciting the terms of the agreement, the Court also expressly informed the parties that "[r]efusal to sign the paperwork is not a reason to later rescind the settlement" at a later time. (*Id.* at 6.)

Parties were ordered to file dispositional documents within thirty days. (ECF

No. 33.) In the declaration provided by Defendant's attorney, Gregory Warner, Mr. Warner, Mr. Warner states that he met and conferred with Plaintiff's counsel on November 17 and 18 of 2022 where Plaintiff's counsel informed him that Plaintiff would not sign the written settlement agreement unless he was "provided with . . . a copy of a video of the incident subject to this lawsuit." (ECF No. 47-2 at 2.)

The above establishes that parties willingly entered into a binding settlement agreement and that Plaintiff breached this agreement by failing to sign the settlement agreement and dismiss the present action. Under California law, a valid contract requires: (1) parties capable of contracting; (2) the parties' consent; (3) a lawful object; and (4) sufficient cause or consideration.  Cal. Civ. Code § 1550.  There is no indication of incapacity, unlawfulness, or insufficient consideration anywhere in the record.   The transcript of the proceedings before the Magistrate Judge makes there that there existed a willing offer and acceptance of terms between the parties.  The Magistrate Judge clearly read all the terms to which the parties agreed on the record and Plaintiff clearly and repeatedly indicated his consent to settlement on those terms. This is sufficient to establish the consent of the parties and a valid contract on the settlement terms as described on the record.  *See* Cal. Civ. Code § 1550; *see also Lopez v. Charles Schwab & Co.*, 118 Cal. App. 4th 1224, 1230 (2004) ("Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror.")  Thus, as there exists a valid contract under California state law, there exists a valid and enforceable settlement agreement.  *Golden*, 782 F.3d at 1087.

Plaintiff's demand that he be provided with a copy of the video recording of the incident is not a legitimate basis for refusing the comply with the terms of the settlement agreement.  The terms of that agreement did not include any provision regarding that video and Plaintiff cannot unilaterally add that term to the agreement by simply refusing to sign the agreement otherwise.  Plaintiff has not provided any legitimate reason for refusing to sign the settlement agreement or otherwise opposed

3

1  Defendant's motions which, as stated above, will be treated as non-opposition to
2  granting this motion pursuant to Local Rule 230(c).  As such, the Court will order the
3  settlement agreement parties made during the October 11, 2022 settlement
4  conference enforced.

5        Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Enforce
6  Settlement Agreement (ECF No. 47) is GRANTED.  Within 30 days of this order,
7  Plaintiff shall execute the written settlement, release agreement, and payee data
8  record form as stated in the settlement agreement.  Failure to comply with this order
9  will result in an order dismissing this action for failure to prosecute and failure to
10 comply with court orders.  *See* Local Rule 110; Fed. R. Civ. P. 41(b).

12     IT IS SO ORDERED.

13 Dated:   **September 5, 2023**

                                                          Hon. Daniel J. Calabretta
14                                                           UNITED STATES DISTRICT JUDGE

24 DJC1 - sheets19cv02451.enforce_settlement