UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR BRUCE SHEETS, | No. 2:19-cv-02451-DJC-AC |
| Plaintiff, | |
| v. | ORDER |
| JASON W. LIPPERT, | |
| Defendant. | |

On, October 11, 2022, the parties engaged in a settlement conference before Magistrate Judge Carolyn K. Delaney. (ECF No. 33.) That settlement conference was successful as the parties reached a settlement agreement and Judge Delaney ordered the parties to file dispositional documents. (*Id.*) Plaintiff allegedly refused to sign the written settlement agreement and dispositional documents were not filed. (ECF No. 47-1 at 1–2; *see* ECF No. 39.) On March 22, 2023, District Judge Kimberly J. Mueller ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute based on the failure to file dispositional documents due to Plaintiff's refusal to sign them. (ECF No. 37.) Dispositional documents were still not filed. Following the undersigned denying Plaintiff's counsel's request for production of a video of the incident at issue in this action, Defendant filed a motion to enforce the settlement agreement which Plaintiff opposed. (ECF No. 37.) On September 5, 2023, the Court granted that motion, finding that there was a valid and enforceable settlement

agreement between the parties, and ordered Plaintiff to "execute the written settlement, release agreement, and payee data record form as stated in the settlement agreement" within thirty days of that order. (ECF No. 49.) The Court also expressly warned Plaintiff that failure to comply with that order "will result in an order dismissing this action for failure to prosecute and failure to comply with court orders." (*Id.* at 4.) Dispositional documents have still not been filed, despite the Court's prior order.

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Bautista v. L.A. Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)). District courts must weigh the following factors in determining whether to dismiss an action for failure to prosecute or failure to comply with court orders: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260–61).

### 1. Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642. This is especially true given that this case, which has been pending since December 7, 2019, has remained open despite the parties reaching a valid and enforceable settlement agreement over a year ago. (*See* ECF Nos. 33, 49.) Accordingly, this factor strongly favors dismissal.

### 2. Court's Need to Manage Its Docket

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine

noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642.  Here, Plaintiff's noncompliance with multiple orders has hindered the Court's ability to effectively and efficiently manage its docket.  As noted, the parties reached a settlement agreement over a year before this order.  Despite this fact, this case continues to consume the resources and time of the Court and parties.  On multiple occasions the Court has sought to resolve this case and manage its docket but has been unable to make any meaningful progress in doing so due to Plaintiff's refusal to sign the dispositional documents and comply with the Court's orders.  As such, this factor weighs strongly in favor of dismissal.

### 3. Risk of Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)).  The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.*

Here, the prejudice to the Defendant in this matter is plain on its face. Defendant negotiated in good faith with Plaintiff, expending time and effort to do so. As a result, the parties reached a valid and enforceable agreement that would have resolved this case outright.  (*See* ECF No. 49.)  Plaintiff's refusal to sign the settlement agreement has directly prevented – and continues to prevent – the disposition of this action and has resulted in Defendants needing to make additional filings in this action and appear at hearings that otherwise would have been entirely unnecessary. *See Dharia v. Marriott Hotel Services, Inc.*, No. 18-cv-00008-HG-WRP, 2020 WL 1861656, at *7–8 (D. Haw. April 13, 2020) (finding prejudice to the defendant partially as a result of plaintiff's refusal to sign an enforceable settlement agreement).  Thus, this factor also weighs in favor of dismissal.

////

////

### 4. Availability of Less Drastic Alternatives

A court must consider the impact of the dismissal and the adequacy of less drastic sanctions before dismissing a case or claim. *Malone*, 833 F.2d at 131–32. Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement. *Id.* at 132.

The Court has made numerous attempts to resolve this action without dismissal. In March of this year, the previously assigned District Judge ordered Plaintiff to show cause why this action should not be dismissed for failure to file the dispositional documents. (ECF No. 37.) The undersigned sought to resolve the issues via a status conference with the parties (*see* ECF No. 42) and by ordering the parties to meet and confer (*see* ECF No. 44) to no avail. Following the Court's prior order finding the settlement agreement to be valid and enforceable, the Court granted Plaintiff a further thirty days to sign the dispositional documents. (ECF No. 49.) These facts alone appear sufficient to indicate that no other less drastic alternatives were available but the Court also expressly advised Plaintiff that failure to comply with the Court's orders would result in this action being dismissed. (*Id.* at 4) In light of the Court's numerous attempts to make use of less drastic alternatives and the Court's warning to the Plaintiff that the action would be dismissed if he failed to comply with the Court's orders, this factor weighs strongly in favor of dismissal. *See Malone*, 833 F.2d at 132.

### 5. Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors the disposition of cases on the merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); *Pagtalunan*, 291 F.3d at 643. Thus, this factor weighs against dismissal.

### CONCLUSION

Four of the five factors described above weigh strongly in favor of dismissal and the factors in favor of dismissal outweigh the general public policy favoring disposition on the merits. *See Ferdik*, 963 F.2d at 1263 (finding that the public policy

////

favoring disposition on the merits plus an additional factor opposing dismissal was insufficient to overcome three other factors strongly favoring dismissal).

        Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that this action is DISMISSED WITH PREJDUICE pursuant to Federal Rule of Civil Procedure 41(b). Defendant's Motion to Dismiss (ECF No. 50) and Plaintiff's Motion for Miscellaneous Relief (ECF No. 53) are DENIED AS MOOT. The Clerk of the Court is directed to close this case. This order resolves all pending motions.

        IT IS SO ORDERED.

Dated:   December 1, 2023

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 - sheets19cv02451.dism